# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| **Paradise IP LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**Box, Inc.,**<br><br>Defendant. | Case No. 6:20-cv-898<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Paradise IP LLC ("Plaintiff"), through its attorneys, complains of Box, Inc. ("Defendant"), and alleges the following:

### PARTIES

1. Plaintiff Paradise IP LLC is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 2108 Dallas Pkwy, Ste 214 - 1025, Plano, TX 75093-4362.

2. Defendant Box, Inc. is a corporation organized and existing under the laws of Delaware that maintains an established place of business at 600 Congress Avenue 24th Floor Austin, TX 78701.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

1

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District.

### PATENTS-IN-SUIT

7. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,226,627; 6,253,217; 7,086,000; 7,200,613; 7,791,741; 7,941,486 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### THE '627 PATENT

8. The '627 Patent is entitled "Method and system for constructing adaptive and resilient software," and issued 05/01/2001. The application leading to the '627 Patent was filed on 04/17/1998. A true and correct copy of the '627 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '627 Patent is valid and enforceable.

### THE '217 PATENT

10. The '217 Patent is entitled "Active properties for dynamic document management system configuration," and issued 06/26/2001. The application leading to the '217

Patent was filed on 08/31/1998. A true and correct copy of the '217 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '217 Patent is valid and enforceable.

### THE '000 PATENT

12. The '000 Patent is entitled "Tagging related files in a document management system," and issued 08/01/2006. The application leading to the '000 Patent was filed on 05/14/2003. A true and correct copy of the '000 Patent is attached hereto as Exhibit 3 and incorporated herein by reference.

13. The '000 Patent is valid and enforceable.

### THE '613 PATENT

14. The '613 Patent is entitled "Asset management system for network-based and non-network-based assets and information," and issued 04/03/2007. The application leading to the '613 Patent was filed on 11/04/2002. A true and correct copy of the '613 Patent is attached hereto as Exhibit 4 and incorporated herein by reference.

15. The '613 Patent is valid and enforceable.

### THE '741 PATENT

16. The '741 Patent is entitled "On-the-fly state synchronization in a distributed system," and issued 09/07/2010. The application leading to the '741 Patent was filed on 04/08/2005. A true and correct copy of the '741 Patent is attached hereto as Exhibit 5 and incorporated herein by reference.

17. The '741 Patent is valid and enforceable.

### THE '486 PATENT

18. The '486 Patent is entitled "Systems and methods for integrating electronic mail and distributed networks into a workflow system," and issued 05/10/2011. The application leading to the '486 Patent was filed on 01/16/2002. A true and correct copy of the '486 Patent is attached hereto as Exhibit 6 and incorporated herein by reference.

19. The '486 Patent is valid and enforceable.

### COUNT 1: INFRINGEMENT OF THE '627 PATENT

20. Plaintiff incorporates the above paragraphs herein by reference.

21. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '627 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '627 Patent also identified in the charts incorporated into this Count below (the "Exemplary '627 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '627 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

22. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '627 Patent Claims, by having its employees internally test and use these Exemplary Products.

23. Exhibit 7 includes charts comparing the Exemplary '627 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '627 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '627 Patent Claims.

24. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 7.

25. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 2: INFRINGEMENT OF THE '217 PATENT

26. Plaintiff incorporates the above paragraphs herein by reference.

27. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '217 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '217 Patent also identified in the charts incorporated into this Count below (the "Exemplary '217 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '217 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

28. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '217 Patent Claims, by having its employees internally test and use these Exemplary Products.

29. Exhibit 8 includes charts comparing the Exemplary '217 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '217 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '217 Patent Claims.

30. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 8.

31. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 3: INFRINGEMENT OF THE '000 PATENT

32. Plaintiff incorporates the above paragraphs herein by reference.

33. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '000 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '000 Patent also identified in the charts incorporated into this Count below (the "Exemplary '000 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '000 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

34. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '000 Patent Claims, by having its employees internally test and use these Exemplary Products.

35. Exhibit 9 includes charts comparing the Exemplary '000 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '000 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '000 Patent Claims.

36. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 9.

37. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 4: INFRINGEMENT OF THE '613 PATENT

38. Plaintiff incorporates the above paragraphs herein by reference.

39. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '613 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '613 Patent also identified in the charts incorporated into this Count below (the "Exemplary '613 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '613 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

40. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '613 Patent Claims, by having its employees internally test and use these Exemplary Products.

41. Exhibit 10 includes charts comparing the Exemplary '613 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '613 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '613 Patent Claims.

42. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 10.

43. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## COUNT 5: INFRINGEMENT OF THE '741 PATENT

44. Plaintiff incorporates the above paragraphs herein by reference.

45. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '741 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '741 Patent also identified in the charts incorporated into this Count below (the "Exemplary '741 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '741 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

46. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '741 Patent Claims, by having its employees internally test and use these Exemplary Products.

47. Exhibit 11 includes charts comparing the Exemplary '741 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '741 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '741 Patent Claims.

48. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 11.

49. Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

### COUNT 6: INFRINGEMENT OF THE '486 PATENT

50. Plaintiff incorporates the above paragraphs herein by reference.

51. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '486 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '486 Patent also identified in the charts incorporated into this Count below (the "Exemplary '486 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '486 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

52. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '486 Patent Claims, by having its employees internally test and use these Exemplary Products.

53. Exhibit 12 includes charts comparing the Exemplary '486 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '486 Patent. Accordingly, the Exemplary

Defendant Products incorporated in these charts satisfy all elements of the Exemplary '486 Patent Claims.

54.     Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 12.

55.     Plaintiff is entitled to recover damages adequate to compensate for Defendants infringement.

## JURY DEMAND

56.     Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A judgment that the '627 Patent is valid and enforceable

B.     A judgment that the '217 Patent is valid and enforceable

C.     A judgment that the '000 Patent is valid and enforceable

D.     A judgment that the '613 Patent is valid and enforceable

E.     A judgment that the '741 Patent is valid and enforceable

F.     A judgment that the '486 Patent is valid and enforceable

G.     A judgment that Defendant has infringed directly one or more claims of the '627 Patent;

H.     A judgment that Defendant has infringed directly one or more claims of the '217 Patent;

I.      A judgment that Defendant has infringed directly one or more claims of the '000 Patent;

J.   A judgment that Defendant has infringed directly one or more claims of the '613 Patent;

K.   A judgment that Defendant has infringed directly one or more claims of the '741 Patent;

L.   A judgment that Defendant has infringed directly one or more claims of the '486 Patent;

M.   An accounting of all damages not presented at trial;

N.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '627 Patent.

O.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '217 Patent.

P.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '000 Patent.

Q.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '613 Patent.

R.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '741 Patent.

S.   A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendants past infringement with respect to the '486 Patent.

T.   And, if necessary, to adequately compensate Plaintiff for Defendants infringement, an accounting:

i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: September 30, 2020            Respectfully submitted,

/s/ Isaac Rabicoff
Isaac Rabicoff
**Rabicoff Law LLC**
5680 King Centre Dr, Suite 645
Alexandria, VA 22315
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff**
**Paradise IP LLC**